No. 120,783

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

PATRICK M. MCCROY,
*Appellee*.

SYLLABUS BY THE COURT

1.

Under Kansas law, the right to appeal is entirely statutory. Thus, appellate courts do not have discretionary power to entertain appeals from all district court orders. Rather, the contours of appellate jurisdiction are defined by statute.

2.

Appellate courts only have jurisdiction to hear an appeal by the State if it is taken within the time limitations and in the manner prescribed by the statutes defining appellate jurisdiction.

3.

K.S.A. 60-2101 is the starting point for the inquiry into appellate jurisdiction in both civil and criminal cases. K.S.A. 60-2101(a) dictates that "[a]ppeals from the district court to the court of appeals in criminal cases shall be subject to the provisions of K.S.A. 22-3601 and 22-3602."

1

4.

K.S.A. 22-3602 distinguishes between the appellate rights of defendants and the prosecution. While a criminal defendant has a broad right of appellate review, the State only has a limited right to appeal tightly restricted by statute.

5.

Jurisdiction defines an appellate court's authority to hear a case. When the record discloses a lack of jurisdiction, this court must dismiss the appeal.

6.

K.S.A. 22-3504 is not an appellate jurisdiction statute; it is contained in Article 35 of our code of criminal procedure, which governs posttrial motions.

7.

Kansas courts have interpreted K.S.A. 22-3504 to allow either party to challenge the legality of a sentence at any time, including for the first time on appeal, because the legality of a sentence (1) can be challenged at any time and (2) is a question of law subject to de novo review.

8.

There is a distinction between permitting a party to assert a claim for the first time on appeal and this court's jurisdiction to hear the appeal in the first place. The ability to raise a claim generally encompasses considerations of notice, preservation, and timeliness. Jurisdiction defines a court's power to consider an appeal at all, regardless of the issues raised.

9.

K.S.A. 22-3504 does not vest an appellate court with jurisdiction to consider an appeal by the State solely on the claim that a sentence is illegal. Instead, an appellate court's jurisdiction in a criminal case must arise from one of the limited procedural postures set forth in K.S.A. 22-3602.

10.

The Court of Appeals is duty-bound to follow Kansas Supreme Court precedent unless the court is convinced, based on recent decisions by the state's highest court, that a decision no longer accurately reflects Kansas law.

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed January 10, 2020. Appeal dismissed.

*Andrew R. Davidson*, assistant district attorney, *Keith Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Shannon S. Crane*, of Hutchinson, for appellee.

Before MALONE, P.J., STANDRIDGE and WARNER, JJ.

WARNER, J.: An appellate court derives its authority to hear a case from statute. In the criminal context, Kansas jurisdictional statutes differentiate between the broad range of cases where a defendant may appeal his or her convictions and sentence and the limited circumstances where the State may challenge the outcome below. In either situation, if a case comes before us that is outside our jurisdiction, we must dismiss the appeal.

In this case, the State appeals the district court's order sanctioning Patrick McCroy with a second 180-day prison term after he violated the terms of his probation. The State

3

argues that because Kansas law only contemplates one 180-day sanction for a probation violation, the second sanction was an "illegal sentence." McCroy contends this court lacks jurisdiction to consider the State's appeal, as it is not authorized by K.S.A. 22-3602 or any other appellate jurisdiction statute. We agree and dismiss.

FACTUAL BACKGROUND

In 2015, Patrick McCroy was convicted of aggravated robbery and aggravated burglary. The district court sentenced McCroy to a 216-month prison sentence, but then suspended that sentence and ordered him to serve 36 months of probation. Over the next three years, McCroy violated the conditions of his probation on at least two occasions.

In January 2016, McCroy tested positive for methamphetamine and failed to report to his probation officer. The next month, the State moved to revoke McCroy's probation. At the hearing, the district court, which handled two separate cases involving McCroy, revoked his probation and ordered him to serve a 180-day prison sanction, to run consecutively to a 34-month prison term in the other case.

In 2018, McCroy again violated the terms of his probation. The State moved to revoke probation and impose the underlying sentence. The district court held a hearing where McCroy stipulated to violating his probation. The district court ordered another 180-day sanction.

Although the State did not believe K.S.A. 2018 Supp. 22-3716 contemplated a second 180-day prison sanction for a probation violation, it did not file a motion to correct the district court's order. Instead, it filed a notice of appeal, claiming the court's sanction was an "illegal sentence." McCroy claims this court lacks jurisdiction to hear the State's appeal.

4

Under Kansas law, the right to appeal is "entirely statutory." *Harsch v. Miller*, 288 Kan. 280, Syl.¶ 3, 200 P.3d 467 (2009); see also *Flores Rentals v. Flores*, 283 Kan. 476, Syl. ¶ 3, 153 P.3d 523 (2007) (recognizing that the right to appeal is "neither a vested nor constitutional right"). As a corollary of this principle, "appellate courts do not have discretionary power to entertain appeals from all district court orders." *Flores Rentals*, 283 Kan. at 481. Rather, the contours of our jurisdiction are defined by statute. *State v. LaPointe*, 305 Kan. 938, 942, 390 P.3d 7 (2017); *State v. Moses*, 227 Kan. 400, Syl. ¶ 7, 607 P.2d 477 (1980). That is, this court only has jurisdiction to hear an appeal by the State if it is taken within the time limitations and in the manner prescribed by the statutes defining appellate jurisdiction. *State v. Sales*, 290 Kan. 130, 134, 224 P.3d 546 (2010).

K.S.A. 60-2101 is the "starting point" for the inquiry into appellate jurisdiction in both civil and criminal cases. *LaPointe*, 305 Kan. at 942. Relevant here, K.S.A. 60-2101(a) dictates that "[a]ppeals from the district court to the court of appeals in criminal cases shall be subject to the provisions of K.S.A. 22-3601 and 22-3602." The first of these provisions, K.S.A. 22-3601, generally divides the power to hear various criminal appeals between the Court of Appeals and Kansas Supreme Court. The second statute, K.S.A. 22-3602, defines the defendant's and the State's respective rights to appeal. Because the issue in this case concerns not where this appeal should be heard, but whether the State has a right to appeal the district court's decision at all, K.S.A. 22-3602 governs our analysis.

K.S.A. 22-3602 distinguishes between the appellate rights of defendants and the prosecution. While a "criminal defendant has a broad right of appellate review," the State "only has limited appeal rights tightly restricted by statute." *State v. Berreth*, 294 Kan. 98, Syl. ¶ 3, 273 P.3d 752 (2012). Compare K.S.A. 2018 Supp. 22-3602(a) (recognizing

the defendant's right to appeal "from any judgment") with K.S.A. 2018 Supp. 22-3602(b) (defining the State's right to appeal in certain enumerated circumstances "and no others").

K.S.A. 2018 Supp. 22-3602(b) delineates four limited instances in which the State has a right to appeal:

> "(1) From an order dismissing a complaint, information or indictment;
> "(2) from an order arresting judgment;
> "(3) upon a question reserved by the prosecution; or
> "(4) upon an order granting a new trial in any case involving a class A or B felony or for crimes committed on or after July 1, 1993, in any case involving an off-grid crime."

See also K.S.A. 2018 Supp. 22-3602(f) (authorizing appeals by the defendant and the State as provided under K.S.A. 2018 Supp. 21-6820, which allows appeals of certain departure sentences under the sentencing guidelines from a "judgment or conviction"). K.S.A. 2018 Supp. 22-3602(b) provides the State the right to appeal in these circumstances "and no others."

In recent decisions, our Kansas Supreme Court has emphasized the importance of this statute's jurisdiction-defining parameters. For example, appellate courts read defendants' notices of appeal broadly in criminal cases, but "[w]hen the State is entitled to appeal, it must elect to proceed under a specific statute or statutory subsection, and its election governs the remedy, if any, available." *Berreth*, 294 Kan. 98, Syl. ¶ 4. And the court has employed a more exacting examination of the listed avenues by which the State may appeal. E.g., *LaPointe*, 305 Kan. at 944 (appeals of questions reserved must be issues of statewide importance); *State v. Barlow*, 303 Kan. 804, 810-11, 368 P.3d 331 (2016) (State's appeal from a judgment of acquittal, as compared to an arrest of judgment, limited the remedy available if the appeal were successful).

Whether jurisdiction exists is a question of law over which this court exercises unlimited review. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). And because jurisdiction defines our authority to hear a case, when the record discloses a lack of jurisdiction, this court must dismiss the appeal. *State v. Delacruz*, 307 Kan. 523, 529, 411 P.3d 1207 (2018).

Here, the State's notice of appeal provided no statutory basis for its appeal, but merely stated that the prosecution "appeals from the Court's ruling and Defendant's sanction by the Reno County District Court on February 8, 2019." But see *Berreth*, 294 Kan. 98, Syl. ¶ 4 (requiring the State's notice of appeal to set forth with particularity the statutory authority for the appeal). The State's docketing statement cited K.S.A. 22-3504 (which governs motions to correct illegal sentences) and K.S.A. 2018 Supp. 21-6820 (which discusses appeals from sentences under the Kansas sentencing guidelines) as the statutory bases for the appeal. It did not discuss K.S.A. 22-3602.

As a preliminary matter, we note that K.S.A. 2018 Supp. 21-6820 authorizes appeals from departure sentences under the sentencing guidelines. See also K.S.A. 2018 Supp. 22-3602(f) (authorizing appeals taken under K.S.A. 2018 Supp. 21-6820). Here, the State does not appeal any aspect of McCroy's underlying sentence; that sentence has not been altered since it was originally pronounced. Cf. *State v. Edwards*, 281 Kan. 1334, 1337, 135 P.3d 1251 (2006) (K.S.A. 2018 Supp. 22-3504 applies only to "the statute defining the crime and assigning the category of punishment to be imposed"). Instead, the State disputes the district court's choice of *sanction* after McCroy violated the terms of his probation, a question governed by K.S.A. 2018 Supp. 22-3716, not the sentencing guidelines. K.S.A. 2018 Supp. 21-6820 has no bearing on this appeal.

We thus turn to K.S.A. 22-3504. Unlike K.S.A. 60-2101 and K.S.A. 22-3602, K.S.A. 22-3504 is not an appellate jurisdiction statute; rather, it is contained in Article 35 of our code of criminal procedure. Article 35 governs posttrial motions: motions for a

new trial, arrests of judgment, and—relevant here—motions to correct an illegal sentence. K.S.A. 2018 Supp. 22-3504(1) states: "The court may correct an illegal sentence at any time." See also K.S.A. 22-3504(a), as amended by L. 2019, ch. 59, § 15 (effective May 23, 2019) ("The court may correct an illegal sentence at any time while the defendant is serving such sentence."). Kansas courts have interpreted this provision to allow either party to challenge the legality of a sentence at any time, including for the first time on appeal, because the legality of a sentence (1) can be challenged at any time and (2) is a question of law subject to de novo review. Accord *State v. Gray*, 303 Kan. 1011, 1013-14, 368 P.3d 1113 (2016).

There is a distinction, however, between permitting a party to assert a claim for the first time on appeal and this court's jurisdiction to hear the appeal in the first place. The ability to raise a claim generally encompasses considerations of notice, preservation, and timeliness; none of these carry much weight when a court can correct an illegal sentence at any time. Compare K.S.A. 2018 Supp. 22-3504(1) (a court can correct an illegal sentence at any time) with K.S.A. 2018 Supp. 22-3501(1) and K.S.A. 2018 Supp. 22-3502 (motions for new trial and motions for arrest from judgment must be filed within 14 days of verdict). Appellate jurisdiction defines our power to consider an appeal *at all*, regardless of the issues raised.

An analogous distinction arises in the context of K.S.A. 60-1507 cases, when a movant asserts a subject-matter-jurisdiction challenge in a procedurally barred motion. Even though subject-matter jurisdiction—like the legality of a sentence—is a question that can be raised at any time, including one a court can raise sua sponte, the Kansas Supreme Court has emphasized that there still "must be a procedural vehicle for presenting the argument to the court." *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013). That is, although preservation is not a barrier to our considering a subject-matter-jurisdiction claim, there must nevertheless be a procedural mechanism that places the question before the appellate court.

8

Challenges to the legality of a sentence generally come before us by way of an appeal from a motion to correct an illegal sentence filed under K.S.A. 22-3504 or as one of many issues raised in a defendant's appeal. The State did not file a motion to correct an illegal sentence in this case. Instead, the State has appealed the sanction the district court imposed at the probation violation hearing, and the sole issue raised is whether that sanction was an illegal sentence.

We hold that K.S.A. 22-3504 does not vest an appellate court with jurisdiction to consider a State's appeal solely on the claim that a sentence is illegal. Instead, for an appellate court to have jurisdiction, the case must originate from one of the limited procedural postures articulated in K.S.A. 22-3602. That is, as in the case of subject-matter jurisdiction, there "must be a procedural vehicle" that will allow us to review that claim on appeal. See *Trotter*, 296 Kan. at 905.

We recognize that the Kansas Supreme Court summarily reached a different conclusion regarding K.S.A. 22-3504 in *State v. Scherzer*, 254 Kan. 926, 928-930, 869 P.2d 729 (1994). See also *State v. Taylor*, 262 Kan. 471, 475, 939 P.2d 904 (1997) (rejecting the State's effort to expand its question reserved and stating in dicta that "[a]lthough K.S.A. 22-3504 provides that the court may correct an illegal sentence at any time, this does not relieve the State of its obligation to file an appeal pursuant to K.S.A. 22-3504 and raise the issue"), *abrogated on other grounds by Berreth*, 294 Kan. 98. Ordinarily, we adhere closely to the rule that the Court of Appeals is duty-bound to follow Kansas Supreme Court precedent. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). Here, however, recent decisions of the Kansas Supreme Court indicate the conclusory statements in *Scherzer* no longer reflect the state of Kansas law.

9

In *Scherzer*, the State appealed an order allowing the defendant to serve his 90 days of imprisonment by house arrest. The court summarily found that jurisdiction existed:

> "The State characterizes its appeal as whether the sentence imposed by the district court is illegal. This court has previously accepted an appeal by the State alleging an illegal sentence, albeit without explaining the jurisdictional authority for our review of the sentence imposed. See *State v. Keeley*, 236 Kan. 555, 694 P.2d 422 (1985). We note this court has general statutory jurisdiction to correct, modify, vacate, or reverse any act, order, or judgment of a district court in order to assure that any such act, order, or judgment is just, legal, and free of abuse. K.S.A. 1993 Supp. 60-2101(b). The court also has specific statutory jurisdiction to correct an illegal sentence at any time. K.S.A. 22-3504. We have jurisdiction to consider the State's appeal." *Scherzer*, 254 Kan. at 929-30.

This is the entirety of *Scherzer*'s jurisdictional analysis. *Scherzer*—unlike recent Supreme Court decisions—did not consider the language of the controlling jurisdictional statutes or start from a premise that a court exercises only the limited jurisdiction defined by law. Instead, the *Scherzer* opinion took an expansive view of appellate courts' inherent authority, referencing K.S.A. 60-2101. But K.S.A. 60-2101(a) contextualizes this language in the case of our court, stating: "*In any case properly before it*, the court of appeals shall have jurisdiction to correct, modify, vacate or reverse any act, order or judgment of a district court to assure that any such act, order or judgment is just, legal and free of abuse." (Emphasis added.) K.S.A. 60-2101(a). Thus, before an appellate court has authority "to correct, modify, vacate, or reverse any act, order or judgment," *Scherzer*, 254 Kan. at 929-30, the case must be "properly before it." K.S.A. 60-2101(a). That is, we must first have jurisdiction over the appeal. And K.S.A. 60-2101 limits the jurisdiction of both the Kansas Supreme Court and Court of Appeals in criminal cases to those instances permitted in K.S.A. 22-3601 and K.S.A. 22-3602. See K.S.A. 60-2101(a) (Court of Appeals); K.S.A. 60-2101(b) (Supreme Court).

10

The Kansas Supreme Court's more recent decisions have rejected this inherent-jurisdictional-authority approach in favor of a statutory analysis. Caselaw emphasizes that the right to appeal "emanates solely from our statutes," and "Kansas appellate courts obtain jurisdiction to entertain an appeal only where the appeal is taken in the manner prescribed by our statutes." *State v. Gill*, 287 Kan. 289, 293-94, 196 P.3d 369 (2008). Our appellate jurisdiction in criminal cases is thus controlled by K.S.A. 60-2101 and K.S.A. 22-3602.

In the years since *Scherzer* was decided, we can find only one appeal brought solely by the State employing *Scherzer*'s jurisdictional principle. See *State v. Vanwey*, 262 Kan. 524, 941 P.2d 365 (1997). All other cases have involved appeals or cross-appeals by the defendant—and thus do not involve the jurisdictional barrier of K.S.A. 22-3602(b). See, e.g., *State v. McCarley*, 287 Kan. 167, 195 P.3d 230 (2008) (direct appeal by the State from sentence and cross-appeal by the defendant); *State v. Patterson*, 257 Kan. 824, 825-26, 896 P.2d 1056 (1995) (appeal by defendant of the denial of his motion to correct an illegal sentence); *Carmichael v. State*, 255 Kan. 10, 16, 872 P.2d 240 (1994) (appeal by defendant of the denial of his K.S.A. 60-1507 motion). And as one panel of this court has recognized, *Vanwey* and *Scherzer* "address only the statutory *scope* of jurisdiction but do not vest appellate jurisdiction." *State v. Upton*, No. 92,326, 2005 WL 1618830, at *2 (Kan. App. 2005) (unpublished opinion).

At the same time, the Kansas Supreme Court has not shied away from dismissing appeals for lack of jurisdiction when the State has failed to comply with K.S.A. 22-3602(b) and K.S.A. 22-3603. E.g., *Lapointe*, 305 Kan. at 955 (dismissing State's appeal from an order granting DNA testing because it met none of the criteria in K.S.A. 22-3602[b]); *State v. Sales*, 290 Kan. 130, 141, 224 P.3d 546 (2010) (dismissing State's interlocutory appeal for failure to make showings necessary under K.S.A. 22-3603). See also *State v. Herman*, 50 Kan. App. 2d 316, Syl. ¶ 4, 324 P.3d 1134 (2014) (dismissing

11

State's appeal on a question reserved when the issue is no longer of statewide interest, and thus not authorized by K.S.A. 22-3602[b]).

In short, we no longer believe the sweeping jurisdictional statement in *Scherzer* reflects the law of this state. Instead, we must limit our exercise of jurisdiction to those situations authorized by statute. The Kansas Legislature is free to amend K.S.A. 22-3602 to allow appeals such as this one. But those policy decisions must be made by statutory enactment, not judicial fiat.

Finally, we note that the State has made no effort to present its argument as a question reserved under K.S.A. 22-3602(b)(3). We make no finding whether the State's general concerns regarding a second 180-day sanction could be raised in that context. Accord *LaPointe*, 305 Kan. at 944 (questions reserved must be issues of statewide importance). We merely hold that we do not have jurisdiction—in light of the facts and arguments presented—over the State's appeal from the district court's sanction of McCroy's probation violation in this case. In the absence of any statutory authorization, we must dismiss the case for lack of jurisdiction. *State v. Marinelli*, 307 Kan. 768, Syl. ¶ 1, 415 P.3d 405 (2018).

Appeal dismissed.