IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 120,783

STATE OF KANSAS,
*Appellant,*

v.

PATRICK M. MCCROY,
*Appellee.*

SYLLABUS BY THE COURT

1.

The right to appeal derives from statute. Therefore, as a general rule, appellate courts may exercise jurisdiction only when authorized to do so by statute.

2.

Consistent with *State v. Scherzer*, 254 Kan. 926, 929-30, 869 P.2d 729 (1994), appellate courts have jurisdiction under K.S.A. 60-2101 and K.S.A. 2018 Supp. 22-3504 to hear the State's appeal of an illegal sentence.

3.

A district court's noncompliance with the graduated sanctioning scheme set forth in K.S.A. 2018 Supp. 22-3716 does not fall within the definition of an illegal sentence under K.S.A. 2018 Supp. 22-3504.

4.

K.S.A. 2018 Supp. 22-3504 does not vest appellate courts with jurisdiction to hear a State's appeal challenging a district court's departure from the graduated sanctioning

1

scheme set forth in K.S.A. 2018 Supp. 22-3716 because such a claim falls outside the scope of the illegal sentence statute.

Review of the judgment of the Court of Appeals in 57 Kan. App. 2d 643, 458 P.3d 988 (2020). Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed May 14, 2021. Judgment of the Court of Appeals dismissing the appeal is affirmed.

*Natalie Chalmers*, assistant solicitor general, argued the cause, and *Andrew R. Davidson*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, were with her on the briefs for appellant.

*Shannon S. Crane*, of Hutchinson, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

WALL, J.:  This appeal requires us to determine whether Kansas' illegal sentence statute, K.S.A. 2018 Supp. 22-3504, vests appellate courts with jurisdiction to hear the State's appeal of a sanction for a probation violation. In 2019, the district court ordered Patrick McCroy to serve a second 180-day prison sanction for violating the conditions of his probation. The State appealed, arguing the sanction constituted an illegal sentence because it did not comply with the graduated sanctioning scheme set forth in K.S.A. 2018 Supp. 22-3716. The Court of Appeals dismissed the appeal for lack of jurisdiction. The panel found that K.S.A. 2018 Supp. 22-3504 does not vest appellate courts with jurisdiction to hear the State's appeal of an illegal sentence. *State v. McCroy*, 57 Kan. App. 2d 643, Syl. ¶ 9, 458 P.3d 988 (2020). The panel also found that *State v. Scherzer*, 254 Kan. 926, 929-30, 869 P.2d 729 (1994), which held that appellate courts have jurisdiction to hear the State's appeal of an illegal sentence, was no longer good law. *McCroy*, 57 Kan. App. 2d at 651.

In *State v. Clark*, 313 Kan. __, __ P.3d __ (No. 121,789, this day decided), we affirmed *Scherzer* under the doctrine of stare decisis. In this case, however, we find the Court of Appeals was right for the wrong reason. While K.S.A. 2018 Supp. 22-3504 vests appellate courts with jurisdiction to hear the State's appeal of an illegal sentence, we hold that a district court's noncompliance with K.S.A. 2018 Supp. 22-3716 does not fall within the scope of K.S.A. 2018 Supp. 22-3504. As no other statute provides a possible jurisdictional basis, we affirm the Court of Appeals dismissal of the State's appeal for lack of jurisdiction.

## FACTS AND PROCEDURAL BACKGROUND

In 2015, McCroy pleaded guilty to aggravated robbery and aggravated burglary. The district court sentenced him to 216 months in prison but granted a downward dispositional departure and ordered him to serve 36 months of probation.

Over the next several years, McCroy violated the conditions of his probation numerous times. Relevant to this appeal are probation sanctions he received in September 2015 and January 2019. In September 2015, the district court ordered McCroy to serve 180 days in prison as a sanction for violating the conditions of his probation. In January 2019, the State again moved to revoke McCroy's probation. At the probation violation hearing, the State recounted the history of McCroy's case, noting the district court had imposed a 180-day prison sanction in 2015. The State asked the court to revoke McCroy's probation and order him to serve the underlying sentence. Instead, the court ordered McCroy to serve a second 180-day prison sanction.

The State appealed, arguing K.S.A. 2018 Supp. 22-3716 permits the district court to impose only one 180-day prison sanction, and thus McCroy's second 180-day prison sanction constituted an illegal sentence. McCroy argued, in part, that the State did not

3

have a statutory right to appeal his sanction and thus the Court of Appeals lacked jurisdiction to hear the State's appeal.

The Court of Appeals agreed with McCroy and dismissed the State's appeal for lack of jurisdiction. *McCroy*, 57 Kan. App. 2d at 644. The panel held the State's appeal did not fall into the limited circumstances in which the State may appeal in a criminal case as set forth in K.S.A. 2018 Supp. 22-3602. The panel also held "K.S.A. 22-3504 does not vest an appellate court with jurisdiction to consider a State's appeal solely on the claim that a sentence is illegal." 57 Kan. App. 2d at 649. The panel acknowledged that in *Scherzer*, this court reached a contrary holding. But the panel found that this court's more recent decisions indicated *Scherzer* was no longer good law. *McCroy*, 57 Kan. App. 2d at 649-51.

We granted the State's petition for review.

ANALYSIS

On review, the State asks us to uphold *Scherzer* under the doctrine of stare decisis and find that K.S.A. 2018 Supp. 22-3504 vests appellate courts with jurisdiction to hear the State's appeal of an illegal sentence. While we agree with the State that *Scherzer* should be upheld, that decision does not lead to the State's desired outcome here. Rather, we find that a district court's noncompliance with K.S.A. 2018 Supp. 22-3716 does not fall within the definition of an illegal sentence, thus K.S.A. 2018 Supp. 22-3504 does not vest us with jurisdiction to hear the State's appeal.

*Standard of Review and Legal Framework*

"Whether appellate jurisdiction exists is a question of law over which this court has unlimited review. To the extent the court's inquiry requires statutory interpretation,

4

this court also exercises unlimited review. [Citations omitted.]" *State v. Garcia-Garcia*, 309 Kan. 801, 806, 441 P.3d 52 (2019).

In Kansas, the right to appeal is entirely statutory and, as a general rule, appellate courts may exercise jurisdiction only when authorized to do so by statute. *State v. Berreth*, 294 Kan. 98, 110, 273 P.3d 752 (2012). Accordingly, "'the appellate court has jurisdiction to entertain a State's appeal only if it is taken within time limitations and in the manner prescribed by the applicable statutes.'" *State v. Sales*, 290 Kan. 130, 134, 224 P.3d 546 (2010).

The statutes delineating the State's appeal rights in criminal cases include K.S.A. 2018 Supp. 22-3602(b), which identifies only four circumstances in which the State may appeal as a matter of right:

> "(1) From an order dismissing a complaint, information or indictment;

> "(2) from an order arresting judgment;

> "(3) upon a question reserved by the prosecution; or

> "(4) upon an order granting a new trial in any case involving a class A or B felony or for crimes committed on or after July 1, 1993, in any case involving an off-grid crime."

However, K.S.A. 2018 Supp. 22-3602(f) also authorizes appeals by the State and the defendant under K.S.A. 2018 Supp. 21-6820, which grants either party the right to appeal a departure sentence.

Finally, K.S.A. 2019 Supp. 22-3504(a) provides: "The court may correct an illegal sentence at any time while the defendant is serving such sentence." As discussed

5

in greater detail below, this provision has been construed as a jurisdictional statute that authorizes the State to appeal an illegal sentence and the appellate court to review such a challenge.

*K.S.A. 2018 Supp. 22-3504 Vests Appellate Courts with Jurisdiction to Hear the State's Appeal of an Illegal Sentence*

The State listed K.S.A. 22-3504 and K.S.A. 21-6820 as the jurisdictional bases for its appeal in its docketing statement. As for K.S.A. 2018 Supp. 21-6820, McCroy's original sentence was a departure sentence, but this appeal does not involve his original sentence, only the district court's sanction after a probation violation. The Court of Appeals concluded that the district court's choice of sanction for a probation violation was governed by K.S.A. 2018 Supp. 22-3716, not the sentencing statutes, and thus K.S.A. 2018 Supp. 21-6820 did not provide a jurisdictional basis for the State's appeal in this case. *McCroy*, 57 Kan. App. 2d at 647-48. The State does not challenge this holding. This leaves K.S.A. 2018 Supp. 22-3504 as the only remaining jurisdictional basis for the State's appeal.

As the Court of Appeals recognized, K.S.A. 2018 Supp. 22-3504 authorizes courts to correct an illegal sentence "at any time." *McCroy*, 57 Kan. App. 2d at 648. But the panel construed this language as an exception to the preservation rule, thereby enabling appellate courts to address a sentence's legality for the first time on appeal. The panel explained there is a distinction "between permitting a party to assert a claim for the first time on appeal and this court's jurisdiction to hear the appeal in the first place." 57 Kan. App. 2d at 648. As a result, the Court of Appeals held that "K.S.A. 22-3504 does not vest an appellate court with jurisdiction to consider a State's appeal solely on the claim that a sentence is illegal. Instead, for an appellate court to have jurisdiction, the case must originate from one of the limited procedural postures articulated in K.S.A. 22-3602." 57 Kan. App. 2d at 649.

In its decision, the Court of Appeals acknowledged that this court reached a different conclusion in *Scherzer*, which held that K.S.A. 2018 Supp. 22-3504, together with K.S.A. 60-2101, authorizes the State to appeal an illegal sentence and vests appellate courts with jurisdiction over such an appeal. *Scherzer*, 254 Kan. at 929-30. The Court of Appeals recognized it ordinarily would be bound by *Scherzer*. However, the panel believed more recent Kansas Supreme Court decisions reflected a departure from *Scherzer*'s "inherent-jurisdictional-authority approach" in favor of a more rigorous statutory analysis. *McCroy*, 57 Kan. App. 2d at 649-50. Thus, the panel concluded it was no longer bound by *Scherzer*'s holding.

However, in *Clark*, we affirmed *Scherzer* under the doctrine of stare decisis. Thus, the Court of Appeals' rationale—that K.S.A. 2018 Supp. 22-3504 does not vest appellate courts with jurisdiction over a State's appeal of an illegal sentence—is foreclosed by our decision in *Clark*. Even so, we conclude the Court of Appeals was nevertheless right for the wrong reason. While K.S.A. 2018 Supp. 22-3504, together with K.S.A. 60-2101, establishes appellate jurisdiction over the State's appeal of an illegal sentence, a district court's failure to comply with K.S.A. 2018 Supp. 22-3716 does not fall within the scope of the illegal sentence statute.

*The State's Appeal Does Not Fall Within the Scope of K.S.A. 2018 Supp. 22-3504*

Both K.S.A. 2018 Supp. 22-3504 and our caselaw have defined an "illegal sentence" narrowly to encompass only three circumstances:  (1) a sentence which was imposed by a court without jurisdiction; (2) a sentence which does not conform to the statutory provision, either in character or the term of the punishment authorized; or (3) a sentence which is ambiguous with respect to the time and manner in which it is to be served. K.S.A. 2018 Supp. 22-3504(3); *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). As such, K.S.A. 2018 Supp. 22-3504's reach is limited, and we have routinely

7

declined to hear challenges to the legality of a sentence that do not clearly fall within one of these enumerated circumstances. See, e.g., *State v. Bryant*, 310 Kan. 920, 922-23, 453 P.3d 279 (2019) (defendant could not use K.S.A. 22-3504 motion to raise constitutional claim because definition of illegal sentence does not include a claim that sentence violates constitutional provision); *State v. Alford*, 308 Kan. 1336, 1340, 429 P.3d 197 (2018) (alleged violation of statute establishing evidentiary rules at sentencing hearing did not bring sentence within definition of illegal sentence); *State v. Mebane*, 278 Kan. 131, 134-35, 91 P.3d 1175 (2004) (denial of defendant's statutory right to allocution at sentencing did not bring sentence within definition of illegal sentence).

Here, the State claims the district court erred by imposing a sanction prohibited by K.S.A. 2018 Supp. 22-3716. That statute sets out a series of graduated sanctions for probationers who violate the terms of their probation. K.S.A. 2018 Supp. 22-3716(b)(4) and (c)(1). Under this scheme, if the district court has already imposed a 2-day or 3-day jail sanction and a 120-day prison sanction, the district court may impose a 180-day prison sanction for a subsequent violation. However, "[t]his sanction shall not be imposed more than once during the term of supervision." K.S.A. 2018 Supp. 22-3716(c)(1)(D). Because this statute authorizes the district court to impose a 180-day prison sanction only once, the State contends that McCroy's second 180-day prison sanction constitutes an illegal sentence.

However, we have long held that "[p]robation is separate and distinct from the sentence." *State v. Van Winkle*, 256 Kan. 890, 895, 889 P.2d 749 (1995) (citing *State v. Dubish*, 236 Kan. 848, 851, 696 P.2d 969 [1985]). And we have further held that K.S.A. 2018 Supp. 22-3504 is not the appropriate vehicle to collaterally attack the district court's factual determination that a probation violation has occurred. *State v. Horton*, 308 Kan. 757, 761, 423 P.3d 548 (2018). But this court has never directly addressed whether K.S.A. 2018 Supp. 22-3504 is an appropriate vehicle to challenge the district court's

8

disposition for a probation violation or whether that statute could serve as a jurisdictional basis for such a challenge.

Granted, we have previously addressed arguments that the district court failed to comply with the graduated sanctioning scheme set forth in K.S.A. 2018 Supp. 22-3716. Yet, in these decisions, we did not characterize the alleged noncompliance as resulting in an illegal sentence. Rather, we addressed the district court's alleged noncompliance as a statutory error without assessing jurisdiction. See, e.g., *State v. Clapp*, 308 Kan. 976, 980, 425 P.3d 605 (2018) (reviewing claim that district court erred in applying intermediate sanctions provisions for statutory error).

That said, in several unpublished decisions the Court of Appeals has held that a failure to impose intermediate sanctions under K.S.A. 2018 Supp. 22-3716 does not fall within the scope of K.S.A. 2018 Supp. 22-3504. For example, in *State v. Howell*, No. 111,746, 2015 WL 2414407 (Kan. App. 2015) (unpublished opinion), the defendant argued the district court erred by not imposing an intermediate sanction as set out in K.S.A. 2018 Supp. 22-3716. Even though the defendant had not raised this issue before the district court, he argued that the Court of Appeals could consider the issue for the first time on appeal because a court may correct an illegal sentence at any time under K.S.A. 22-3504.

But the *Howell* panel found noncompliance with K.S.A. 2014 Supp. 22-3716 did not fall within the "'very limited applicability'" of K.S.A. 22-3504. 2015 WL 2414407, at *2 (quoting *State v. Edwards*, 281 Kan. 1334, 1336, 135 P.3d 1251 [2006]). The panel noted that this court has held that "an illegal sentence for noncompliance with an applicable statutory provision applies only to 'the statute defining the crime and assigning the category of punishment to be imposed.'" *Howell*, 2015 WL 2414407, at *2 (quoting *Edwards*, 281 Kan. at 1337). Because the defendant was properly sentenced under the

statute pertaining to his crime of conviction, the panel held there was no illegal sentence to correct. *Howell*, 2015 WL 2414407, at *2.

Several other panels have likewise concluded that claims alleging error related to the graduated sentencing scheme set forth in K.S.A. 2018 Supp. 22-3716 do not fall within the definition of "illegal sentence" under K.S.A. 22-3504. See, e.g., *State v. Clapp*, No. 112,842, 2016 WL 1169418, at *4 (Kan. App. 2016) (unpublished opinion) (finding noncompliance with K.S.A. 22-3716 does not fall within scope of K.S.A. 22-3504), *rev'd on other grounds* 308 Kan. 976, 425 P.3d 605 (2018); *State v. Kafka*, No. 111,937, 2015 WL 9286795, at *8-9 (Kan. App. 2015) (unpublished opinion) (relying on *Howell* to conclude that K.S.A. 22-3504 not proper vehicle for challenging failure to impose intermediate sanction); *State v. Brown*, No. 110,488, 2015 WL 326450, at *3-5 (Kan. App. 2015) (unpublished opinion) (challenge to failure to impose intermediate sanction does not fall within scope of K.S.A. 22-3504).

While these Court of Appeals' decisions analyzed the reach of the illegal sentence statute within the context of preservation, we find their reasoning equally applicable to the question of jurisdiction. Here, the State alleges the district court did not adhere to the graduated sanctioning scheme set forth in K.S.A. 2018 Supp. 22-3716, resulting in an illegal sentence that does not conform to the "applicable statutory provision." K.S.A. 2018 Supp. 22-3504(3). However, the "applicable statutory provision" referenced in K.S.A. 2018 Supp. 22-3504's definition of an illegal sentence is limited to "the statute defining the crime and assigning the category of punishment to be imposed." *Edwards*, 281 Kan. at 1337. The graduated sanctioning scheme in K.S.A. 2018 Supp. 22-3716 neither defines McCroy's crime of conviction nor assigns the category of punishment to be imposed for that crime. As such, the district court's alleged deviation from this statutory scheme falls outside the Legislature's definition of an illegal sentence. Therefore, K.S.A. 2018 Supp. 22-3504 is not the "appropriate statutory vehicle" to address the State's claim. *Kafka*, 2015 WL 9286795, at *9. And because the challenge

falls outside the scope of the illegal sentence statute, K.S.A. 2018 Supp. 22-3504 neither authorizes the State's appeal of McCroy's second 180-day prison sanction nor vests the appellate courts with jurisdiction over this matter.

The State identifies no other viable path to jurisdiction for this appeal. See *Berreth*, 294 Kan. 98, Syl. ¶ 4 (The State "must elect to proceed under a specific statute or statutory subsection, and its election governs the remedy, if any, available."). A district court's noncompliance with K.S.A. 2018 Supp. 22-3716 is not one of the enumerated circumstances in K.S.A. 2018 Supp. 22-3602(b) in which the State may appeal as a matter of right. Nor did the State attempt to present its argument as a question reserved under K.S.A. 2018 Supp. 22-3602(b)(3). Likewise, as previously established, noncompliance with K.S.A. 2018 Supp. 22-3716 does not constitute a departure sentence that would authorize a State's appeal pursuant to K.S.A. 2018 Supp. 22-3602(f) and K.S.A. 2018 Supp. 21-6820.

For these reasons, we affirm the Court of Appeals' dismissal of the State's appeal for lack of jurisdiction, albeit on substantially different grounds than those relied on by the panel. See *State v. Bacon*, 309 Kan. 1235, 1239, 443 P.3d 1049 (2019) (affirming Court of Appeals as right for the wrong reason).

Judgment of the Court of Appeals dismissing the appeal is affirmed.

STANDRIDGE, J., not participating.