NOT DESIGNATED FOR PUBLICATION

No. 123,214

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DUSTIN BENJAMIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jefferson District Court; GARY L. NAFZIGER, judge. Opinion filed September 24, 2021. Probation revocation vacated, and case remanded with directions.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., WARNER and HURST, JJ.

PER CURIAM: Dustin Benjamin appeals the district court's revocation of his probation without first implementing an intermediate sanction. The State argues that the district court relied on an exception to intermediate sanctions before revoking Benjamin's probation. This court agrees with Benjamin. The district court's revocation of Benjamin's probation is vacated and the case is remanded with instructions.

1

FACTUAL AND PROCEDURAL BACKGROUND

Benjamin's underlying convictions are irrelevant to this court's decision and will not be addressed in detail. In June 2019, Benjamin pleaded no contest to one count of methamphetamine possession related to an incident on June 7, 2017. In August 2019, the district court sentenced Benjamin under Senate Bill 123, providing for substance use treatment for certain persons convicted of drug possession. K.S.A. 2016 Supp. 21-6824. Benjamin received a sentence of 18 months' probation for drug treatment with an underlying 20 months' imprisonment and 12 months' postrelease supervision. Under Senate Bill 123, Benjamin's probation required mandatory drug treatment.

Benjamin failed to report to drug treatment for his intake on at least four occasions. On January 3, 2020, the district court ordered Benjamin to serve a three-day jail sanction for violating his probation. Benjamin failed to report for his three-day jail sanction, and thereafter failed to report to his probation officer. In February 2020, the State moved the court to issue a bench warrant and revoke Benjamin's probation for failure to attend drug treatment, failure to report to his probation officer, and failure to complete his three-day jail sanction. The district court issued a bench warrant for his arrest. Benjamin's probation officer submitted an affidavit alleging Benjamin was arrested for new felony charges of possession of methamphetamine, interference with a law enforcement officer, and possession of drug paraphernalia.

The district court held a probation revocation hearing on July 9, 2020, where Benjamin denied committing any new crimes while on probation and the State failed to provide contrary evidence or otherwise challenge his denial. Nonetheless Benjamin stipulated to his failure to attend drug treatment, report to his probation officer, and report for his three-day jail sanction. Benjamin requested a sanction and the State sought revocation of his probation and that he serve his underlying 20 months' prison sentence.

2

The State argued Benjamin was not amenable to probation and the district court agreed—revoking his probation and sentencing him to serve his entire underlying sentence.

The district court stated the following:

"Well, the problem I've got is that you haven't done anything you were supposed to do, and you failed to appear when you were supposed to appear. What it amounts to is [that] your prior conduct, your prior history, has, in my view, created a situation where the Court cannot extend or grant, [or] reimpose probation.

"The Court finds that he's violated the terms and conditions of probation. Based on his prior record [and] his prior history, the Court finds that he does not appear to be a suitable candidate for further probation. He's had his chance.

"The Court finds that this probation is revoked, that he's not amenable to further probation efforts, and [that] he's remanded for transport to custody of the Secretary of Corrections to commence serving sentence."

The district court did not provide any further explanation at the hearing or in any subsequent order. The district court's journal entry provided its reasoning as Benjamin's "[f]ailure to report, failure to complete drug treatment, failure to report for jail sanction." The court did not find that Benjamin committed a new crime or that he absconded. The journal entry includes an option for the court to check a box that states the "[c]ourt revoked because defendant absconded or committed new crime," and another box that states the "[c]ourt revoked because of public safety or offender welfare finding." The district court did not check either box.

Benjamin filed a pro se motion to the district court to appeal his probation revocation, which could more accurately be called a motion to reconsider. On August 6, 2020, the district court held a hearing and ultimately denied Benjamin's motion. At the hearing, the parties discussed the State's allegation that Benjamin committed a new crime

3

while on probation. Benjamin denied committing a new crime and the court did not find otherwise or rely on the State's contention. On the contrary, the court explained that "based upon his prior criminal record and history of failure to comply with probation requirements, I don't believe he'd be a suitable candidate to reconsider anyway." Likewise, the journal entry of the hearing simply states Benjamin's "pro se motion to appeal probation revocation is denied for reasons stated on the record."

Benjamin filed a timely pro se notice of appeal based on the Kansas Supreme Court's Administrative Order 2021-PR-009 effective January 26, 2021, in which the Kansas Supreme Court suspended filing deadlines because of the COVID-19 pandemic. Additionally, Benjamin's attorney filed a timely notice of appeal from the district court's August 6, 2020, ruling. As a preliminary matter, this court recognizes that Benjamin's notice of appeal was timely filed

DISCUSSION

On appeal, Benjamin argues the district court erred by not imposing an intermediate sentence before revoking his probation and ordering him to serve his underlying imprisonment sentence. This court agrees.

This court reviews the district court's decision to revoke a defendant's probation for an abuse of discretion. See, e.g., *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). The district court abuses its discretion when its decision is so arbitrary or fanciful that it is unreasonable; based on an error of law; or based on an error in facts. See *State v. Barber*, 313 Kan. 55, 58, 482 P.3d 1113 (2021). Benjamin argues the district court made a legal error by applying the incorrect sanctions statute to his probation violation. This court exercises unlimited review of the district court's statutory interpretation. *Coleman*, 311 Kan. at 334-35.

4

Benjamin argues, for the first time on appeal, that the district court imposed an illegal sentence when it revoked his probation. During the revocation hearing, the State argued Benjamin was not amenable to probation and requested he serve his entire underlying 20-month sentence. Benjamin's counsel requested a sanction—but did not request a specific amount of time or intermediate sanction under K.S.A. 2016 Supp. 22-3716. In August 2020, Benjamin filed a motion to appeal, or reconsider, which the district court denied. Similarly, at that time Benjamin failed to argue that the district court applied the incorrect statute and was required to impose intermediate sanctions.

This court properly considers Benjamin's claim either because Benjamin's counsel preserved the issue by requesting sanctions at the probation revocation hearing, or because Benjamin's claim "'involves only a question of law arising on proved or admitted facts and is finally determinative of the case.'" See *State v. Hirsch*, 310 Kan. 321, 338, 446 P.3d 472 (2019) (explaining exceptions to the general rule prohibiting raising an issue for the first time on appeal). Benjamin argues this court can hear his case at any time, regardless of whether he preserved the issue, because the district court's probation revocation constituted an illegal sentence under K.S.A. 2020 Supp. 22-3504. However, the Kansas Supreme Court has recently held that a district court's failure to impose intermediate sanctions for probation violations "does not fall within the scope of the illegal sentence statute." *State v. McCroy*, 313 Kan. 531, 539, 486 P.3d 618 (2021). Benjamin's illegal sentence argument fails, but his claim is preserved as stated above, and the State failed to argue otherwise.

*The District Court Erred By Not Imposing Intermediate Sanctions*

The statute in effect at the time of Benjamin's criminal conduct supporting his conviction governs the district court's probation revocation decision. See *State v. Clapp*, 308 Kan. 976, 982, 425 P.3d 605 (2018). Benjamin's conviction resulted from acts committed on or about June 7, 2017, making K.S.A. 2016 Supp. 22-3716 applicable to

his probation revocation. The Legislature amended K.S.A. 22-3716 in 2019, but the amendment did not retroactively apply to probation revocations related to convictions for criminal conduct before the amendment effective date. See, e.g., *State v. Dominguez*, 58 Kan. App. 2d 630, 635-36, 473 P.3d 932 (Kan. App. 2020). The district court should have applied K.S.A. 2016 Supp. 22-3716 (the 2016 Statute) when sentencing or sanctioning Benjamin for his probation violation.

### 1. *The 2016 Supp. K.S.A. 22-3716 Intermediate Sanction Scheme*

Under the 2016 Statute, the district court must impose an intermediate sanction for probation violations unless a recognized exception applies. See K.S.A. 2016 Supp. 22-3716(c)(1); *Dominguez*, 58 Kan. App. 2d at 636. The district court must impose intermediate sanctions before revoking probation. K.S.A. 2016 Supp. 22-3716(c)(1), (c)(1)(E); see also *Clapp*, 308 Kan. at 984-85 (finding that K.S.A. 2014 Supp. 22-3716 required the district court to implement graduated sanctions before revoking probation). The 2016 Statute permits the district court to either continue probation on the same or modified conditions or impose a custodial sanction in accordance with the progressive steps. K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D).

If the district court orders any term of imprisonment as a sanction, it must impose imprisonment using the graduated steps in the 2016 Statute. Step one requires the district court to impose a short jail sanction of a two- or three-day consecutive term with a maximum of eighteen days. K.S.A. 2016 Supp. 22-3716(b)(4); (c)(1)(B). If the district court previously imposed a short jail sanction under sections (b)(4)(A), (B) or (c)(1)(B) – then under step two the district court may impose a maximum jail sentence of 120 days subject to a possible reduction of up to 60 days at the secretary's discretion. K.S.A. 2016 Supp. 22-3716(c)(1)(C). If the probation violator previously served a sentence under (b)(4)(A), (B); (c)(1)(B) or a 120-day sanction under subsection (c)(1)(C), then under step three the district court may impose a 180-day jail sanction with a potential reduction

6

up to 90 days at the secretary's discretion. K.S.A. 2016 Supp. 22-3716(c)(1)(D). Unless an exception applies, the district court may only revoke a violator's probation after imposing sanctions under steps one, two, and three explained above. K.S.A. 2016 Supp. 22-3761(C)(1)(E).

      2.      *Exceptions to the Intermediate Sanction Scheme.*

The district court may only bypass the graduated, intermediate sanctions scheme if it identifies an applicable exception under subsections (c)(8) or (c)(9). K.S.A. 2016 Supp. 22-3716(c)(2). District courts may bypass the graduated, intermediate sanctions scheme and revoke probation when the probation violator, (1) "commits a new felony or misdemeanor" or (2) "absconds from supervision" or when (3) "the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served" by an intermediate sanction. K.S.A. 2016 Supp. 22-3716(c)(8), (c)(9).

The State argues that Benjamin was not amenable to probation and that his welfare would not be served by an intermediate sanction. Yet the State admits that the district court did not explain the reasons, as required by the 2016 Statute, for its failure to impose an intermediate sanction. The district court may not assert general reasons for revoking probation. *Clapp*, 308 Kan. at 989. The district court had to explain with particularity if its decision to revoke probation was based on preservation of public safety or the probation violator's safety. K.S.A. 2016 Supp. 22-3716(c)(9); see *Clapp*, 308 Kan. at 989. The district court merely cited Benjamin's prior history and failure to appear. It stated that "he does not appear to be a suitable candidate for further probation." The court explained that "[h]e's had his chance" and is "not amenable to further probation efforts." The district court's explanation is not a particular or specific explanation regarding public safety or Benjamin's welfare and does not support revocation of probation under the applicable exceptions. See *Clapp*, 308 Kan. at 989; *State v. Kemp*, No. 122,733, 2021 WL 3439213,

7

at *3 (Kan. App. 2021) (unpublished opinion); *State v. Jones*, No. 122,589, 2021 WL 1826885, at *6 (Kan. App. 2021 (unpublished opinion).

On appeal the State does not argue that Benjamin committed a new crime while on probation or that he absconded. At the probation hearing, Benjamin denied committing any new crime and stipulated to probation violations of failure to report to his probation officer, failure to attend drug treatment, and failure to report for a jail sanction. The State did not object to this stipulation or present evidence of a new crime for the district court to consider. At the August 2020 reconsideration hearing, the State presented testimony from Benjamin's probation officer that he committed a new crime while on probation—but Benjamin disputed that allegation and the court did not make any finding or base its revocation decision on such. The evidence does not support revocation of Benjamin's probation for committing a new crime or absconding, and thus the court's decision is not supported by the exceptions to the graduated, intermediate sanctions scheme in K.S.A. 2016 Supp. 22-3716(b) and (c)(1).

CONCLUSION

The district court abused its discretion by revoking Benjamin's probation and imposing the underlying jail sentence without identifying an applicable exception to the required sanctions scheme. For these reasons, we vacate the district court's revocation of Benjamin's probation and remand with instructions. Upon remand, the district court must either impose an intermediate sanction as required by K.S.A. 2016 Supp. 22-3716(c)(1)(C) or conduct a dispositional hearing and set forth with particularity its reasons in accordance with subsection (c)(8) or (c)(9) for bypassing intermediate sanctions and revoking Benjamin's probation.

Probation revocation vacated, and case remanded with directions.

8