NOT DESIGNATED FOR PUBLICATION

No. 126,803

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CONNIE ANN VALADEZ,
*Appellant*.


MEMORANDUM OPINION

Appeal from Ford District Court; LAURA H. LEWIS, judge. Submitted without oral argument. Opinion filed July 19, 2024. Appeal dismissed.

*Derek W. Miller*, of Miller & French, LLC, of Liberal, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.


Before HILL, P.J., ATCHESON and CLINE, JJ.


PER CURIAM:  In this appeal, Defendant Connie Valadez invites us to allow her to withdraw her no-contest plea to two counts of distributing methamphetamine. Consistent with a plea agreement, the Ford County District Court granted Valadez a durational departure and sentenced her to 60 months in prison on each conviction to be served concurrently. The district court denied Valadez' request for a dispositional departure to probation. On appeal, Valadez faces an insurmountable hurdle—the district court has never ruled on a motion to withdraw the pleas, and that deprives us of appellate jurisdiction. We, therefore, dismiss this appeal.

1

Under K.S.A. 22-3602(a), a defendant cannot appeal convictions entered on no-contest or guilty pleas. But a defendant may move to withdraw a plea in the district court for good cause before sentencing and to correct a manifest injustice after sentencing. K.S.A. 22-3210(d). Appellate courts, in turn, can review a district court's denial of a motion to withdraw a plea. Absent a district court ruling on a motion to withdraw a plea, we lack the authority to set aside a conviction for a claimed substantive or procedural deficiency. *State v. Hall*, 292 Kan. 862, 868, 257 P.3d 263 (2011) (by entering plea, defendant "surrendered any right he had to appeal his conviction without first attempting to withdraw his plea in the district court[,]" and appellate court "lack[ed] jurisdiction to review the merits of [the] claim"). Here, Valadez suggests she was inadequately informed about the terms of the plea agreement.

The rule that appellate courts will review a conviction resulting from a plea only if the defendant has filed and lost a motion to withdraw the plea in the district court is a long-standing one. See *State v. Gideon*, 257 Kan. 591, 599, 894 P.2d 850 (1995); *State v. Derber*, No. 81,019, 1999 WL 35815257, at *1 (Kan. App. 1999) (unpublished opinion); *State v. Kirk*, No. 70,634, 1994 WL 17120509, at *1 (Kan. App. 1994) (unpublished opinion). In those cases, the courts declined to do so because the defendants had made the requests to withdraw their pleas for the first time on appeal. Although the courts did not explicitly label the failure to file a motion to withdraw a plea in the district court a jurisdictional defect, they unequivocally refused to reach the merits.

In her brief, Valadez represents she has now filed a motion to withdraw her pleas in the district court. But the motion remains undecided. The State does not dispute that representation. The pendency of the motion doesn't materially alter the procedural posture of this case on appeal. Consistent with *Hall*, the district court must decide Valadez' motion to withdraw her pleas, thereby creating both the jurisdictional predicate for and a factual record permitting appellate review. And consistent with *Hall*, we should treat the absence of a district court ruling on a motion to withdraw her pleas as a

2

jurisdictional bar. Without appellate jurisdiction, we must dismiss this appeal. See *State v. McCroy*, 313 Kan. 531, 532, 486 P.3d 618 (2021).

Appeal dismissed.